AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

**Instructions**

1.      To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.      You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.      Make sure the form is typed or neatly written.

4.      You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.      Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.      You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.      In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.      When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

     If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.      **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10.      **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern | |
|---|---|---|
| Name (under which you were convicted):<br><br>Grant Barbour | | Docket or Case No.: |
| Place of Confinement :<br><br>SCI - Rockview | Box 4<br>Bellefonte PA 16823 | Prisoner No.: |
| Petitioner (include the name under which you were convicted)<br><br>Grant Barbour | v. | Respondent (authorized person having custody of petitioner)<br><br>Bobbi Jo Salomon |
| The Attorney General of the State of: | Pennsylvania | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of common Pleas   Philadelphia County

    (b) Criminal docket or case number (if you know):   CP-51-CR-350-2015

2.  (a) Date of the judgment of conviction (if you know):   7/18/16

    (b) Date of sentencing:   7/19/16

3.  Length of sentence:   18.5 to 40 years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   Attempt murder

    aggravated assault   simple assault   and etc

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Superior Court

(b) Docket or case number (if you know):    239 A.3d 88 (Pa Super 7/22/20

(c) Result:    Affirmed

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _Court of Common Pleas Phila County_

(2) Docket or case number (if you know): _CP-51-CR-350-2013_

(3) Date of filing (if you know): _9/1/20_

(4) Nature of the proceeding: _PCRA_

(5) Grounds raised: _Ineffective counsel_

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: _Dismissed_

AO 241 (Rev. 09/17)

      (8) Date of result (if you know):    *4/29/22* _____

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❑ Yes    ❑ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

            _____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:    ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioners sixth amendment right to effective counsel was denied when trial counsel failed to rehabilitate witness testimony with prior consistent statement with pre-trial phone calls.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel had access to phone calls with the alleged victim stating Petitioner did not cause the crash which victim sustained her injury

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: Trial and PCRA counsel failed to raise claim

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:     _ineffective counsel_

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):     _____

Date of the court's decision:     _____

Result (attach a copy of the court's opinion or order, if available):     _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     _____

_____

Docket or case number (if you know):     _____

Date of the court's decision:     _____

Result (attach a copy of the court's opinion or order, if available):     _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_ineffective PCRA counsel did not raise_

_claim_

_____

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:** Sixth Amendment Right to effective counsel violated, counsel failed to subpoena and utilize witnesses who
at trial. Theres also new and after discovered evidence from complainant and other witnesses about defendants
innocence and other motives, details, some trial lawyer failed to obtain (thus he is ineffective), some came after trial
Trial lawyer also failed to subpoena and utilize the trial calls of complainant admitting defendant is not a violent person.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Trial lawyer failed to subpoena witnesses known to him who wd've testified. Complainant admitted to
them defendant is not guilty of the crimes at issue and gave them other details and motives no
revealed at trial such as she was under the influence of the powerful hallucinogen PCP at the time
of accident, lied in order to avoid being arrested for a second D.U.I and falsely blamed the
defendant. Also she wanted to teach him a lesson but it went too far and the police and DA con
tinued to threaten her if she doesn't continue the lie that defendant tried to kill her etc
Theres also more details and motives learned by these witnesses from complainant which they
have written in affidavits. Trial lawyer didn't call any witnesses even though he told defen
dant he would. One of these witnesses was on the phone shortly before and during the
accident and would've testified to the fact defendant never said complainant or himself, wa
gonna die. Complainant has also in affidavits admitted defendants innocence and other motives
and details not heard at trial such as she was on PCP and lied on defendant to escape
being arrested for a 2nd D.U.I, and she was mad at defendant. She also, explained true nature of
calls used by and misexplained by the DA which she never was given the opportunity to explain
at trial such as he never tried to bribe her or have her change her story etc. And she had been thr
eatened before defendant initially called to say he did it even though she told them it was a lie. Theres
Affidavits, Recorded Calls, EMAIL and ZOOM visits of complainant admitting all of this also.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

_____

_____

_____

**GROUND THREE:** Trial lawyer ineffective for failure to subpoena and utilize pretrial calls to defend and show defendants innocence and to rebut District Attorneys false claims. He also failed to aquire a Accident Reconstruction Expert and complainants toxicology report for trial. Sixth Amendment Right to effective counsel was violated due to all of the above.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel was ineffective for failing to utilize recorded county calls of accused within his first few days in jail informing people that complainant was under the influence of PCP, tried to hit him and crashed. And that he did not grab any wheel to make her crash, and that she has fabricated the whole story. This was important and consistent with complainants trial testimony as far as her hitting him which caused the crash as she testified. The District Attorney in closing arguments claimed with no evidence that theres no where in the calls played did I or complainant ever claim that she tried to hit me. Lawyer was ineffective for not objecting and rebutting with the calls of defendant telling people what really happened, complainant was on PCP tried to hit him and crashed. Lawyer I felt was ineffective for not utilizing calls of defendant telling complainant to just come to court and tell the Judge the truth, tell her everything and that he didn't think shed send her to prison for telling the truth. (Being complainant was telling everyone the Police and DA were threatening her to keep lying saying he did this. Lawyer also failed to obtain Accident Reconstruction expert to offer testimony the accident could not have transpired as indicated in complainants statements to police and he failed to subpoena her toxicology report

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** District Attorney engaged in Prosecutor Misconduct when claiming in closing arguments with no evidence that defendant tried to "bribe" complainant and that defendant confessed to this crime. DA also withheld complainants toxicology report. Defendants sixth Amendment Right was violated due to all the above.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In over six calls leading up to and after the call used by the District Attorney which they claimed in closing arguments defendant tried to bribe complainant, they all show defendant was trying to save his/their home by trying to send or have someone come to the jail and pick up the RENT MONEY defendant had in his pocket he owed to his landlord when arrested so that he wouldn't Lose his home. In these calls defendant was terrified that he'd lose his home and needed one of the persons he called to get his money including complainant and pay the landlord. In one of the calls when defendant tried to explain he needs to get the rent money to her, she cut him off saying I don't need your money since she was in the hospital and still upset. She didnt want to hear about anything at this moment. But the calls leading up to it and after it shows defendant was asking her and others And for them to ask her (Complainant) to save the Apartment and that the RENT money was on his Jail account and someone needs to retrieve it. complainant has admitted this in Affidavit and other phone calls. The Courts have used this "bribery" to deny relief believing the DA's misinterpretation of phone call about RENT MONEY. DA lied claiming defendant confessed to crime so there's no need to Guess his intent that evening. DA also withheld toxicology report

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐    Yes    ☐ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐    Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

(f) In any post-conviction proceeding:    James LLoyd

(g) On appeal from any ruling against you in a post-conviction proceeding:    James LLoyd

_____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     _New trial_____

_____

_____

or any other relief to which petitioner may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _October, 24, 2023_ (month, date, year).


Executed (signed) on     _October 24 2023_     (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Grant Barbour #MP7790
Box A; 1 Rockview Place
Bellefonte, PA
    16823

INMATE MAIL
PA DPT OF
CORRECTIONS



US POSTAGE ᴾᴵᵀᴺᴱʸ ᴮᴼᵂᴱˢ
ZIP 16823  $ 002.55⁰
02.4W
0000376203 OCT  26  2023



RECEIVED OCT 30 2023

Clerk of Court
2609 U.S. Courthouse
601 Market street
Philodelphia, PA
    19106

U.S.M.S.
X-RAY

Legal Mail